**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALLEN PARMENTER,**

        **Plaintiff,**

  v.                                      **08-CV-1132**
                                              **(TJM/VEB)**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

      This action brought pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), was referred by this Court to the Hon. Victor E. Bianchini, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c).  The Report and Recommendation dated April 23, 2010 recommends that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  See Rep. & Rec. [dkt. # 17].  Defendant has filed objections to the Report and Recommendation, arguing specifically that part B(2)(b) should not be adopted.  See Objections Memorandum [dkt. # 19].

      When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or

1

specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C).  Portions of the Report and Recommendation to which no objections are lodged are reviewed for clear error or manifest injustice.  After this review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

Based on the issues presented in this matter, Magistrate Judge Bianchini limited his review to "whether the ALJ and/or Appeals Council erred by finding insufficient evidence of disability with regard to the period between August 1, 1996 and August 30, 1998."  Rep. Rec. p. 7.   In part B(2)(a) of the Report and Recommendation, Magistrate Judge Bianchini concluded that the ALJ had erred in this regard, see Rep. Rec. pp. 7-11, and, therefore, recommended the matter be remanded to the Commissioner for a determination of the onset date of Plaintiff's disability.  Id. p. 11.  Magistrate Judge Bianchini recommended:

> On remand, the ALJ should give careful consideration and attention to the requirements of 83-20 and should call on the services of a medical advisor and lay witnesses. In addition, Plaintiff's treating providers may be able to provide retrospective diagnoses that could aid the ALJ in determining the appropriate onset date. See Gibson v. Astrue, No. 07 Civ. 2845, 2009 WL 1181251, at *3 (S.D.N.Y. Apr. 30, 2009)("'To determine a medically-reasonable disability onset date for the [P]laintiff, the ALJ on remand should call on the services of a medical advisor and [appropriate lay witnesses],' and, '[a] convincing rationale should be given for the disability onset date that is chosen.'")(citations omitted).

Id.

Because Defendant has not objected to this portion of the Report and Recommendation, the Court reviews it for plain error or manifest injustice and finds none.

Accordingly, the Court adopts the remand recommendation contained in part B(2)(a).

Defendant objects to Magistrate Judge Bianchini's second conclusion contained in part B(2)(b) of the Report and Recommendation. See Rep. Rec. pp. 11-14.  There, Magistrate Judge Bianchini concluded that the Appeals Counsel erred in failing to consider evidence from 2 lay witnesses ("Gillaspie and Steele"), presented for the first time on appeal, and which may have been relevant to the onset of Plaintiff's disability. Id.; see Def. Obj. [dkt. # 19].  Because the practical effect of the recommendation contained in part B(2)(b) is, essentially, the same as the recommendation contained in part B(2)(a), it is immaterial whether the Court adopts the latter recommendation.  Compare Rep. Rec. p. 14 ("The statements of Gillaspie and Steele, along with other appropriate lay evidence, should be developed and considered on remand.") with Rep. Rec. p. 11 ("On remand, the ALJ should give careful consideration and attention to the requirements of 83-20 and should call on the services of a medical advisor *and lay witnesses*")(emphasis added),

Accordingly, it is hereby **ORDERED** that:

Defendant's Motion for Judgment on the Pleadings is **DENIED** and Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**.  The decision of the Commissioner is **REVERSED** and the case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Decision and Order.

**IT IS SO ORDERED**.

DATED:Dated:July 15, 2010

Thomas J. McAvoy
Senior, U.S. District Judge

3